UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL SALT COMPANY, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF BOSTON, )<br><br>Defendant. ) | C.A. No. 05 10921 RGS |

## ANSWER

The Defendant City of Boston (the "City of Boston") hereby answers the Complaint and

Jury Demand (the "Complaint") of Plaintiff International Salt Company, Inc. ("ISC"), as

follows:

### INTRODUCTION

The City of Boston states that the referenced agreement between the parties speaks for itself. To

the extent that ISC's introductory statement contains any allegations or characterizations of fact,

they are denied.

### THE PARTIES

1.      The City of Boston is without information sufficient to form a belief as to the allegations

contained in paragraph 1 of the Complaint.

2.      The City of Boston admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    The allegations contained in paragraph 3 of the Complaint are conclusions of law as to which no response is required.  To the extent that ISC's jurisdictional statement states any claim against the City of Boston, it is denied.

4.    The allegations contained in paragraph 4 of the Complaint are conclusions of law as to which no response is required.  To the extent that ISC's jurisdictional statement states any claim against the City of Boston, it is denied.

5.    The allegations contained in paragraph 5 of the Complaint are conclusions of law as to which no response is required.  To the extent that ISC's jurisdictional statement states any claim against the City of Boston, it is denied.

## FACTS COMMON TO ALL COUNTS

6.    The City of Boston is without information sufficient to form a belief as to the factual allegations contained in paragraph 6 of the Complaint.

7.    The City of Boston admits that it issued Bid No. 1253 for road maintenance salt answers further that Bid No. 1253 speaks for itself.  To the extent that paragraph 7 of the Complaint contains any further allegations or characterizations of fact, they are denied.

8.    The City of Boston admits the allegations contained in paragraph 8 of the Complaint.

9.    The City of Boston admits that the contract was executed and approved by the parties. Answering further, the City of Boston states that the Form CM10 and 11 was executed by William J. Hannon, Purchasing Agent for the City of Boston, on November 20, 2004. To the extent that paragraph 9 of the Complaint contains any further allegations or characterizations of fact, they are denied.

10. The City of Boston denies each and every allegation contained in paragraph 10 of the Complaint.

11. The City of Boston denies each and every allegation contained in paragraph 11 of the Complaint.

12. The City of Boston denies each and every allegation contained in paragraph 12 of the Complaint.

13. The City of Boston denies each and every allegation contained in paragraph 13 of the Complaint.

14. The City of Boston denies each and every allegation contained in paragraph 14 of the Complaint.

15. The City of Boston admits that ISC agreed to provide the City of Boston with rock salt totaling 102,021.84 tons. Answering further, the City of Boston denies each and every allegation or characterization of fact contained in paragraph 15 of the Complaint.

16. The City of Boston admits that it issued three Purchase Orders for salt, each of which explicitly specified a price of $36.42 per ton consistent with the price set forth in the agreement between the parties. Answering further, the City of Boston states that P.O. # 287141, P.O. #291021, and P.O. #297376, issued on February 11, 2005, March 11, 2005 and April 15, 2005, respectively, speak for themselves.

17. The City of Boston denies each and every allegation contained in paragraph 17 of the Complaint.

18. The City of Boston admits the allegations contained in paragraph 18 of the Complaint.

19. The City of Boston denies each and every allegation contained in paragraph 19 of the Complaint.

20.   The City of Boston is without information sufficient to form a belief as to the factual allegations contained in paragraph 20 of the Complaint.

21.   The City of Boston is without information sufficient to form a belief as to the factual allegations contained in paragraph 21 of the Complaint.

22.   The City of Boston denies each and every allegation contained in paragraph 22 of the Complaint.

23.   The City of Boston denies each and every allegation or characterization of fact contained in paragraph 23 of the Complaint.

24.   The City of Boston denies each and every allegation contained in paragraph 24 of the Complaint.

25.   The allegations contained in paragraph 25 of the Complaint are conclusions of law as to which no response is required.  To the extent that paragraph 25 contains any allegations or characterizations of fact, they are denied.

26.   The City of Boston states that the agreement between the parties speaks for itself.  To the extent that paragraph 26 of the Complaint contains any allegations or characterizations of fact, they are denied.

## FIRST COUNT
### (Breach of Contract)

27.   The City of Boston hereby incorporates by reference, as if fully set forth and restated herein, its answers to paragraphs 1 through 26, above.

28.   The City of Boston denies each and every allegation contained in paragraph 28 of the Complaint.

29.   The City of Boston denies each and every allegation contained in paragraph 29 of the Complaint.

30.    The City of Boston denies each and every allegation contained in paragraph 30 of the
Complaint.

31.    The City of Boston denies each and every allegation contained in paragraph 31 of the
Complaint.

## SECOND COUNT
### (Quantum Meruit/Unjust Enrichment)

32.    The City of Boston hereby incorporates by reference, as if fully set forth and restated
herein, its answers to paragraphs 1 through 31, above.

33.    The City of Boston denies each and every allegation contained in paragraph 33 of the
Complaint.

34.    The City of Boston denies each and every allegation contained in paragraph 34 of the
Complaint.

35.    The City of Boston denies each and every allegation contained in paragraph 35 of the
Complaint.

36.    The City of Boston denies each and every allegation contained in paragraph 36 of the
Complaint.

37.    The City of Boston denies each and every allegation contained in paragraph 37 of the
Complaint.

38.    The City of Boston denies each and every allegation contained in paragraph 38 of the
Complaint.

## THIRD COUNT
### (Declaratory Judgment)

39.    The City of Boston hereby incorporates by reference, as if fully set forth and restated herein, its answers to paragraphs 1 through 38, above.

40.    The City of Boston denies each and every allegation contained in paragraph 40 of the Complaint.

41.    The City of Boston admits that it clearly specified that it would not pay more than $36.42 per ton for rock salt from ISC  Answering further, the City of Boston states that P.O. # 287141, P.O. #291021, and P.O. #297376, issued on February 11, 2005, March 11, 2005 and April 15, 2005, respectively, each specifically set forth a purchase price of $36.42 per ton and speak for themselves.

42.     The City of Boston denies each and every allegation contained in paragraph 42 of the Complaint.

43.    The City of Boston denies each and every allegation contained in paragraph 43 of the Complaint.

44.    The City of Boston denies each and every allegation contained in paragraph 44 of the Complaint.

45.    The City of Boston denies each and every allegation contained in paragraph 45 of the Complaint.

46.    The City of Boston denies each and every allegation contained in paragraph 46 of the Complaint.

47.    The allegations contained in paragraph 47 of the Complaint are conclusions of law as to which no response is required.  To the extent that paragraph 47 states any claim against the Defendant City, it is denied.

Except as expressly admitted above, the City of Boston denies all remaining allegations of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The City of Boston is not contractually responsible for the payment of additional monies to ISC.

### THIRD AFFIRMATIVE DEFENSE

ISC's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

ISC, by its actions, is estopped from asserting any and all of the rights it claims in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The conduct of the City of Boston was at all times justified.

### SIXTH AFFIRMATIVE DEFENSE

ISC's claim is barred per its contract with the City of Boston.

### SEVENTH AFFIRMATIVE DEFENSE

ISC cannot recover on a theory of Quantum Meruit/Unjust Enrichment against a municipality.

### EIGHTH AFFIRMATIVE DEFENSE

ISC cannot recover on a theory of breach of an implied contract against a municipality

## NINTH AFFIRMATIVE DEFENSE

ISC is barred from recovery by its own breaches of contract.

## TENTH AFFIRMATIVE DEFENSE

ISC is estopped from asserting its claims.

## ELEVENTH AFFIRMATIVE DEFENSE

ISC has waived its claims.

## DEMAND FOR JURY TRIAL

The City of Boston hereby requests a trial by jury.

Respectfully submitted
**DEFENDANT, City of Boston**
By its attorney
Merita A. Hopkins
Corporation Counsel


/s/ Christopher M. Mensoian
Christopher M. Mensoian (BBO # 646016)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4029