UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL SALT COMPANY, LLC, | |
| Plaintiff, | Civil Action No. 0510921-RGS |
| v. | |
| CITY OF BOSTON, | |
| Defendant. | |

## CONFIDENTIALITY STIPULATION AND ORDER

The parties to the above captioned action, between plaintiff International Salt Company, LLC ("ISCO") and defendant City of Boston ("the City"), hereby stipulate and agree that the within Confidentiality Stipulation be entered by the Court as and Order:

WHEREAS, ISCO and the City are parties to the above-captioned litigation ("the Litigation");

WHEREAS, ISCO possesses certain confidential documents which contain confidential, proprietary and/or competitively sensitive information (referred to herein as "Confidential Documents" and "Confidential Information"), and it is essential that such information and documentation remain confidential;

WHEREAS, the City has requested documents that contain ISCO's Confidential Information and ISCO will make such Confidential Documents available to the City only on the basis that such documents will be kept confidential and not disclosed to any other persons or entities;

{K0323825.1}

WHEREAS, such Confidential Information may be disclosed in deposition or in documents filed with the Court; and

WHEREAS, ISCO and the City wish to insure that any such Confidential Documents or Confidential Information shall not be used for any purpose other than this Lawsuit and shall not be made public by any of the parties to this action or be otherwise disseminated by the parties except as set forth in this Confidentiality Agreement ("Agreement").

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, hereby agree as follows:

1.   All material which ISCO designates "confidential" in this Litigation shall be maintained in strict confidence by the City and, except as otherwise provided herein, used solely by its counsel in the preparation or trial of this action.

2.   The City may disclose or permit to be disclosed material that is designated "confidential" only to the extent authorized as follows:

(a)   Access to material that ISCO designates "confidential" shall be restricted to counsel for the City, its paralegals and clerical staff, not more than two employees of the City, and consultants or experts retained by the City in the preparation of this case, provided that any such expert or consultant is not a competitor of ISCO;

(b)   Documents designated as "confidential," as well as any copies, summaries, abstracts, notes, memoranda, references, quotations, or information of or from the confidential documents, shall not be disclosed to any other person or entity, regardless of whether such entity is public or private, non-governmental or governmental;

2

      (c)    If the City's attorneys intend to disclose any material that ISCO has designated "confidential" to any person authorized by paragraph 2(a), counsel for the City, prior to any such disclosure, shall notify counsel for ISCO of such intent and shall supply each such person who is to receive the disclosure with a copy of this Agreement. Each such person, prior to disclosure of any Confidential Documents or Confidential Information, shall execute a written statement under oath, in the form appended hereto as Exhibit "A," acknowledging that they are familiar with the provisions of this Agreement and agree to abide by them. If ISCO objects to the disclosure within five business days of receiving such notice, no disclosure shall be made until the issue is resolved by the Court or by agreement of the parties.

      3.    To the extent that any Confidential Documents or Confidential Information is used or discussed in any deposition or at the trial in this Lawsuit, ISCO, in its sole discretion, may designate as confidential the portion of the deposition or trial transcript in which the Confidential Documents or Confidential Information is used or discussed. That portion of the transcript shall be separately transcribed and marked "confidential."

      4.    If either of the parties wishes to file any document, legal paper or transcript that contains Confidential Documents or Confidential Information, the party shall designate the document, legal paper or transcript as "confidential," and it shall be filed with the Court in a sealed envelope bearing the caption of the case and the following legend: "Confidential Information Subject To Confidentiality Agreement. Not To Be Opened Except By Order Of The Court."

      5.    ISCO's production of Confidential Documents containing Confidential Information, pursuant to this Agreement, shall not be deemed to waive any protection available to ISCO's Confidential Documents or Confidential Information under state and/or federal law.

6. All Confidential Documents and Confidential Information produced by ISCO in this Litigation shall be securely maintained by the City, its counsel and any person to whom it is disclosed. Distribution of or access to any such confidential information shall occur only in strict accordance with the terms of this Agreement.

7. The City acknowledges that all Confidential Documents and Confidential Information produced by ISCO shall be and remain the property of ISCO alone. Accordingly, immediately after entry of final judgment, settlement or dismissal in connection with this action, counsel for the City and each person to whom such Confidential Documents and Confidential Information was disclosed, shall return to ISCO all documents and things that have been designated as "confidential" pursuant to this Agreement. Any reports, notes, memoranda, analyses, compilations, studies, or other documents prepared by or at the direction of the City or by any person to whom disclosure was made, which contain or reflect any Confidential Information, also shall be delivered to ISCO upon final conclusion of this Lawsuit. In the event any party appeals from a decision of the trial court in this Lawsuit, counsel for the City may retain Confidential Documents and things for purposes of post-trial motions and/or appeals from a judgment entered by the trial court. Counsel for the City shall return all Confidential Documents upon final disposition of the matter on appeal. If the case is remanded to the trial court after an appeal, said documents shall be returned to counsel for ISCO after entry of final judgment, settlement or dismissal. Such documentation shall be returned by messenger delivery or first-class mail to Bruce W. Edmands, Esquire, counsel for ISCO in this litigation.

8. In the event that the City is required (by oral questions, interrogatories, request for information or documents, subpoena, civil investigative demand, or similar process) to disclose

any Confidential Documents and Confidential Information, the City shall give ISCO prompt and adequate notice thereof so that ISCO may seek an appropriate protective order.

9. Counsel for the City reserves the right at any time on application to the Court to challenge the designation of "confidential" for the purpose of entirely striking such designation.

10. The City acknowledges and agrees that this Agreement is reasonable and necessary to protect the business, interest and properties of ISCO, and that any breach or threatened breach of this Agreement by the City is to be deemed a material breach that would cause irreparable injury to ISCO and that ISCO's remedy at law for any such breach would be inadequate. Accordingly, the City agrees and consents that temporary and permanent injunctive relief may be granted in any proceeding that may be brought to enforce any provision of this Agreement. Nothing contained herein shall preclude ISCO from seeking damages or any other remedy at law or in equity, including, but not limited to, compensatory and punitive damages, as may be appropriate. The City further agrees that ISCO shall be entitled to its reasonable attorney fees incurred in successfully enforcing the provisions of this Agreement.

11. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

[THE REST OF THIS PAGE WAS LEFT INTENTIONALLY BLANK.]

INTERNATIONAL SALT COMPANY, LLC,

By its attorneys,

DATED: 4/28/06

_____
Bruce W. Edmands, Esquire (BBO #151360)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
617.342.6857
617.342.6899 (facsimile)

Neil G. Epstein, Esquire
Brad P. Bender, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102
(215) 851-8400
(215) 851-8383 (facsimile)

-- AND --

THE CITY OF BOSTON,

By its attorneys,

DATED: 4/28/06

_____
Justin F. Kollar, Esquire
Assistant Corporation Counsel
City of Boston
Law Department
City Hall, Room 615
Boston, MA 02201

**APPROVED AND SO ORDERED** this _____ day of _____, 2006.

_____
U.S.D.J.