UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL SALT COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No.05-cv-10921-RGS |
| ) | |
| CITY OF BOSTON, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

The Defendant, City of Boston ("the City") seeks an entry of an order permitting it to file a Motion for Summary Judgment. In support of this motion, the City states as follows:

## BACKGROUND

1. The Plaintiff, International Salt Company, LLC ("ISCO") entered into a contract with the City on October 20, 2004 for the purchase of sodium chloride rock salt ("Rock Salt").

2. ISCO supplied the City with more Rock Salt than the amount included in the original estimate. ISCO sought to increase the contract price for the additional Rock Salt. The City agreed to pay only the contract price.

3. ISCO filed a Complaint in this action seeking damages for an alleged breach of contract on May 4, 2005.

4. The deadline for filing motion for summary judgment was January 19, 2007.

5. Trial is scheduled for January 7, 2008 in this matter.

6. There are no disputed issues of fact in this matter.

7. The City believes it has meritorious legal defenses to all counts in the plaintiff's complaint such that trial is unnecessary.

**ARGUMENT**

Despite the fact that summary judgment deadline has passed, the Court has the authority to manage its docket.  Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 38 (1st Cir. 2002) Fed. R.Civ.P. 16(f), 41(b); See Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993).  As a result, this Court has the authority to hear the City's summary judgment motion at this time.  In light of the City's legal defenses, and the fact that there are no material disputes of fact, a summary judgment motion is an appropriate means by which to dispose of this matter.  Disposing of this case prior to trial would save judicial resources and save the litigants time and money.

The contract between ISCO and the City is plain and unambiguous in that the price of Rock Salt is to be held open for the length of the contract period. (Memorandum in Support, attached as Exhibit A).  In addition, pursuant to the terms of the City's charter, the contract between the City and ISCO can only be amended with mayoral approval. (Id.)  As a result, the City is entitled to judgment as a matter of law.

**CONCLUSION**

In light of the above arguments, the City seeks entry of an Order granting it permission to file a motion for summary judgment.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
By its attorneys:

William F. Sinnot
Corporation Counsel


/s/ Anouk Danan
Anouk Danan, BBO# 657821
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
617.635.4038

Dated: October 4, 2007

**CERTIFICATE OF SERVICE**

I, Anouk Danan, certify that on this 4th day of October, 2007, a copy of the foregoing was served via the court's electronic service upon all counsel of record.

/s/ Anouk Danan
Anouk Danan