UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL SALT COMPANY, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br><br>   Defendant. | )<br>)<br>)<br>) Docket No.05-cv-10921-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR LEAVE TO SUBMIT A REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

Defendant, City of Boston ("the City"), by and through its attorneys, hereby moves this Court for leave to file a Reply Brief attached as Exhibit "A" for the reasons set for the in the City's accompanying Memorandum of Law.

              Respectfully submitted,

              DEFENDANT, CITY OF BOSTON
              By its attorneys:

              William F. Sinnot
              Corporation Counsel


              /s/ Anouk Danan
              Anouk Danan, BBO# 657821
              Assistant Corporation Counsel
              Scott C. Holmes, BBO# 544545
              Senior Assistant Corporation Counsel
              City of Boston Law Department
              Room 615, City Hall
              Boston, MA 02201
              617.635.4034

Dated: October 18, 2007

## **CERTIFICATE OF SERVICE**

I, Anouk Danan, certify that on this 18th day of October, 2007, a copy of the foregoing was served via the court's electronic service upon all counsel of record.

                                                /s/ Anouk Danan
                                                Anouk Danan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INTERNATIONAL SALT COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Docket No.05-cv-10921-RGS |
| v. | ) ) | |
| CITY OF BOSTON, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT CITY OF BOSTON'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

The Defendant City of Boston ("the City") submits this reply brief in response to the *Opposition to Defendant's Motion for Leave to File Motion for Summary Judgment by the Plaintiff International Salt Company, LLC ("ISCO")*. ISCO's opposition offers no evidence to support its allegations, and raises no genuine issues of material facts. ISCO's opposition fails for the reasons set forth below:

**A.  Emergency Exemptions to the Requirement of G.L. c. 30B § 8 are inapplicable.**

ISCO's opposition states that in the absence of a sufficient amount of rock salt the public health and safety of the City is at substantial risk, thus creating an emergency condition. ISCO argues that the circumstances presented during the winter of 2004/2005 created "an emergency condition which justified a circumvention of statutory requirements under the provisions of General Laws Chapter 30B, Section 8…" Only a government entity, and not a vendor such as ISCO, can determine emergency conditions.

1

Additionally, in the event of an emergency condition the City must still comply with G.L. c. 30B to the extent possible, as well as with the City Charter.

The fact that G.L. c. 30B § 8 allows a procurement officer to make an emergency procurement if full compliance with G.L. c. 30B would endanger the health or safety of the people or their property is not applicable in the situation at hand. G.L. c. 30 B § 8.[1] In an emergency situation, G.L. c. 30B § 8 permits a governmental entity to waive the requirements for a contract for supplies or services necessary to meet the emergency needs. The contract, however, must still conform to G.L. c. 30B to the extent practicable under the circumstances. Id.

The City approved ISCO's bid and the parties executed a contract for the delivery of approximately 75,000 tons of sodium chloride rock salt ("Rock Salt") at $36.42 per ton between October 1, 2004 and June 30, 2005 (City of Boston Contract No. 15878-05 "the Contract"; See Statement of Facts Exhibit B)[2]. The end date of the Contract was June 30, 2005, as evidenced by the clear terms of the Contract. G.L. c. 30B § 8, therefore, is inapplicable because any need for Rock Salt, emergency or not, during the winter of 2004/2005 was covered under the Contract. ISCO was contractually bound to provide the City with all the necessary Rock Salt.

---

[1] G.L. c. 30B § 8 provides that:
    Whenever the time required to comply with a requirement of this chapter would endanger the health or safety of the people or their property a procurement officer may make an emergency procurement without following that requirement. An emergency procurement shall be limited to only supplies or services necessary to meet the emergency and shall conform to the requirements of this chapter to the extent practicable under the circumstances…

[2] Please see previously filed L.R. 56.1 Statement of Facts in Support of its Motion for Summary Judgment. In further support of its Reply Brief, the City hereby incorporates by reference, the facts and arguments raised in: The Defendant, City of Boston's Motion for Summary Judgment; The Defendant, City of Boston's Memorandum of Law in Support of its Motion for Summary Judgment; and The Defendant, City of Boston's Local Rule 56.1 Statement of Facts and Supporting Documentation previously filed.

B.   **There are No Parallel Conditions Under Boston City Charter, ST. 1909, Chapter 486, § 16**

ISCO states that the Boston City Charter, St. 1909, Chapter 486, § 16 contains a parallel provision to G.L. c. 30B § 8. The provision of the Boston City Charter that ISCO refers to, however, concerns expenditures in excess of appropriations. This is a separate contracting issue, and is not related to the requirement for a contract to be in writing and obtain mayoral approval. St. 1890, c. 418, §6 as amended by St. 1939, c. 156, §2 and St. 1998, c. 262, § 1.[3]

C.   **ISCO was Bound to the City by the Clear Terms of the Contract**

As previously stated in the City's motion, under a plain reading of the terms of the Contract, ISCO agreed to deliver approximately 75,000 tons of Rock Salt at $36.42 per ton from October 2004 through June 2005. Any additional Rock Salt was to be provided in accordance with the Contract, which did not expire until June 30, 2005. ISCO claims it experienced an extraordinary demand for Rock Salt during the winter of 2004/2005 and was subject to a substantial increase in ocean freight cost. While unfortunate for ISCO, this is irrelevant. ISCO bid a contract to provide Rock Salt for a per unit price until June 30, 2005. ISCO must abide by the terms of the Contract.

---

[3] The Charter provides, that:
> All contracts made by a department of the city of Boston…shall, when the amount involved is $10,000 or more…be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor in writing of said city has been affixed thereto in writing and the auditor of the city has certified thereon that an appropriation is available therefore…
>
> [And] no such contract shall be altered except by a written agreement of the contractor, the sureties on his or their bond, and the officer, board or official making the contract, with the approval of the mayor affixed thereto…

St. 1890, c. 418, §6 as amended by St. 1939, c. 156, §2 and St. 1998, c. 262, §1.

3

**D.    ISCO has the Burden of Demonstrating Compliance with the Statutory Requirements of G.L. c. 30B and the Boston City Charter**

ISCO contends that there is an issue as to whether a circumvention of the City Charter's "formalities" was appropriate. Statutory requirements of G.L. c. 30B and the City Charter are not mere formalities that can be circumvented. See United States Leasing Corp. v. Chicopee, 402 Mass. 228, 231 (Mass. 1988); Lumarose Equip. Corp. v. Springfield, 15 Mass.App.Ct. 517, 519-520 (Mass.App.Ct. 1983) ("…requirement of mayoral approval is not something which can be sloughed off as a mere ministerial act"). As previously stated in the City's motion, ISCO bears the burden of complying with statutory regulations when entering into an agreement with the City. Adalian Brothers, Inc. v. Boston, 323 Mass. 629, 631 (Mass. 1949); KVS Information Systems, Inc. v. Tisbury, 753 F.Supp 1020, 1023 (D.Mass 1990). "[O]ne dealing with a city or town cannot recover if statutory requirements such as are contained in the [City's] Charter have not been observed." United States Leasing Corp., 402 Mass. at 231.

**III.    CONCLUSION**

For the above stated reasons, and the reasons stated in the Defendant City of Boston's Motion for Leave to File Motion for Summary Judgment and Defendant's Memorandum in Support of its Motion for Summary Judgment, the Defendant moves this Honorable Court to grant leave to file summary judgment and grant summary judgment in its favor, and dismiss all counts and causes of action against them, with prejudice.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
By its attorneys:

William F. Sinnot
Corporation Counsel


/s/ Anouk Danan
Anouk Danan, BBO# 657821
Assistant Corporation Counsel
Scott C. Holmes, BBO# 544545
Senior Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
617.635.4034

Dated: October 18, 2007

## CERTIFICATE OF SERVICE

I, Anouk Danan, certify that on this 18th day of October, 2007, a copy of the foregoing was served via the court's electronic service upon all counsel of record.

/s/ Anouk Danan
Anouk Danan

5