UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-cv-10921-RGS

INTERNATIONAL SALT
COMPANY, LLC
    Plaintiff,

v.

CITY OF BOSTON
    Defendant.

*filed in Court open 1-8-08 M.H. [illegible], Deputy*

## DEFENDANT CITY OF BOSTON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The Defendant, City of Boston ("City"), hereby moves pursuant to Fed. R. Civ. P. 50(a), for Judgment as a Matter of Law in its favor on all counts of the Plaintiff's complaint. The Plaintiff, International Salt Company LLC ("International Salt"), has been fully heard on each issue and has not demonstrated facts that could provide a legally sufficient basis for judgment in its favor on any count. Fed. R. Civ. P. 50(a). Therefore, judgment as a matter of law in the City's favor on all counts is appropriate.

### COUNT I – BREACH OF CONTRACT

International Salt has not proved breach of contract. In order to prevail on this count, International Salt would have to demonstrate at least six issues, but the evidence it presented is insufficient to bear its burden on any of them:

1. International Salt has not demonstrated that the written contract it entered into with the City did not require it to deliver in excess of 75,000 tons of salt.

1

2. Even though the Court determined at trial on January 7, 2008, that the written contract between the City and International Salt did not require it to deliver more than 75,000 tons, International Salt did not prove that the City agreed to purchase salt at any other price than $36.42 per ton, that it agreed to agree upon a higher price, or accepted any offer to do so. Therefore, its contract claim based on an alleged new agreement must be dismissed.

3. International Salt did not prove that the City faced an "emergency" in February 2005, or that any City official employed "emergency" contracting provisions to buy salt. It is International Salt's burden to prove such an emergency at the time the alleged new contract was formed, around February 10, 2005. Mere speculation about the circumstances the City might have faced at the end of March 2005 had International Salt ceased deliveries, and had the City not engaged in other efforts to conserve or replenish its salt inventory, is wholly insufficient.

4. Even if the Court determines that there was some form of emergency, International Salt has not demonstrated that the alleged contract it is suing under could have been entered into pursuant to G. L. c. 30B, § 8. It has not shown that as of February 10, 2005, or thereabouts, over 25,000 tons of salt was the minimum amount needed to meet an "emergency," or that the alleged contract conformed to the provisions to the "extent practicable under the circumstances." G. L. c. 30 B, § 8. For example, International Salt has not demonstrated that the city's procurement officer determined that the time required to enter into a written contract, see § 17, "would endanger the health or safety of the people or their property."

5.  Whether this Court determines that there was an "emergency" in February 2005 or not, the Plaintiff has failed to demonstrate that the alleged contract it is suing under is enforceable against the City of Boston because it has not proved that it was made in writing and approved in writing by the mayor. By statute enacted by the Massachusetts Legislature forming part of Boston's City Charter, no contract has been formed with, or is enforceable against, the City of Boston unless it is made in writing and approved in writing by the mayor. Ma. St. 1890, c. 418, § 6, as amended by Ma. St. 1939, c. 156 § 2 & Ma. St. 1998, c. 262, § 1. This clear statutory requirement (and its counterpart for other municipalities, G. L. c. 43, § 29) forms an entirely separate bar to recovery than chapter thirty-B does. The City Charter provision does not contain an exception for emergency procurements. It is not relevant to application of this statute that for entirely separate statutory contracting rules, such as those in chapter thirty-B or those in City Charter provision Ma. St. c. 486, § 16 concerning appropriations, the Legislature provided that they can be avoided in cases of emergency. See City of Quincy v. Brooks-Skinner, Inc., 325 Mass. 406, 413 n.3 (1950); Massachusetts General Hospital v. City of Revere, 385 Mass. 772, 775 (1982).

6.  International Salt has not presented evidence to support its claim that the salt it delivered over 75,000 tons was worth approximately $57 per ton.

### COUNT II – QUANTUM MERUIT / UNJUST ENRICHMENT

It is legally impossible to recover from the City on theories of quantum meruit or unjust enrichment. Contracts with Massachusetts cities and towns are enforceable only if made in accordance with municipal contracting statutes. Without such a contract "a party cannot evade the statutory limitations on a municipality's contracting powers by rendering services and subsequently seeking recovery based on alternative theories." Park Drive Towing v. City of Revere, 442 Mass. 80, 84, n.7 (2004). See also, Central Tow Co., Inc. v. City of Boston, 371 Mass. 341, 345 (1976); Adalian Bros., Inc. v. City of Boston, 323 Mass. 629, 632 (1949).

### COUNT III – DECLARATORY JUDGMENT

International Salt cannot obtain the declaratory judgment it requests because it is not entitled to judgment on either of the previous two counts.

*Therefore,* for the reasons stated above, the Defendant City of Boston, requests that this court issue judgment as a matter of law or judgment on partial findings dismissing all counts of International Salt's complaint.

|  |  |
|---|---|
|  | Respectfully submitted,<br>DEFENDANT, CITY OF BOSTON<br>William F. Sinnott<br>Corporation Counsel<br>By its attorney: |
| Date: January 8, 2007 | ___/s/ Adam N. Cederbaum_____<br>Scott C. Holmes, BBO #544545<br>Adam N. Cederbaum, BBO #661549<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4042 (SH)<br>(617) 635-4030 (AC) |

**Massachusetts Acts and Resolves**

Ma. St. 1890, c. 418, § 6, as amended by Ma. St. 1939, c. 156 § 2 & Ma. St. 1998, c. 262, § 1.

# ACTS
### AND
# RESOLVES

PASSED BY THE

# General Court of Massachusetts,

IN THE YEAR

# 1890,

TOGETHER WITH

THE CONSTITUTION, THE MESSAGES OF THE GOVERNOR,
LIST OF THE CIVIL GOVERNMENT, TABLES SHOWING
CHANGES IN THE STATUTES, CHANGES OF
NAMES OF PERSONS, ETC., ETC.

PUBLISHED BY THE
SECRETARY OF THE COMMONWEALTH.



BOSTON:
WRIGHT & POTTER PRINTING CO., STATE PRINTERS,
No. 18 POST OFFICE SQUARE.
1890.

370                           1890.— Chapters 417, 418.

Construction of 1888, 888.

SECTION 6. Chapter three hundred and eighty-eight of the acts of the year eighteen hundred and eighty-eight shall not be construed to apply to licensed pawnbrokers, nor to have repealed or affected section thirty-four of chapter one hundred and two of the Public Statutes.

Repeal of 1888, 252.

SECTION 7. Chapter two hundred and eighty-five of the acts of the year eighteen hundred and eighty-five is hereby repealed.

*Approved June 16, 1890.*

*Chap.* 417  AN ACT TO AMEND AN ACT TO INCORPORATE THE CITY HOSPITAL IN THE CITY OF QUINCY.

*Be it enacted, etc., as follows:*

Amendment to 1889, 107, §2.

SECTION 1. Section two of chapter one hundred and eighty-seven of the acts of the year eighteen hundred and eighty-nine is hereby amended by inserting after the word "hospital", in the sixth line thereof, the words:— and said corporation may also, subject to said limitation of amount, purchase and hold real estate in the city of Quincy,— so that said section as amended shall read as follows:— 

May hold real estate granted, etc., to it not exceeding $500,000.

Section 2. Said corporation may receive and hold real and personal estate which may from time to time be given, granted, bequeathed or devised to it, and accepted by the corporation, to an amount not to exceed five hundred thousand dollars, for the uses and purposes of said hospital; and said corporation may also, subject to said limitation of amount, purchase and hold real estate in the city of Quincy, provided always that both the principal and income thereof shall be appropriated according to the terms of the donation, devise or bequest.

SECTION 2. This act shall take effect upon its passage.

*Approved June 16, 1890.*

*Chap.* 418  AN ACT RELATING TO OFFICERS AND DEPARTMENTS IN THE CITY OF BOSTON.

*Be it enacted, etc., as follows:*

Officers in charge of departments duly elected, etc., hold office, not exceeding three years, as may be determined by ordinance.

SECTION 1. Every person now or hereafter having sole or joint charge of a department of the city of Boston shall hold office for such term, not exceeding three years, beginning with the first day of May in the year of his appointment, as the city council may by ordinance determine, and until his successor is appointed and confirmed: *provided, however,* that all members of boards and all trustees shall hold office for such terms as may be specified in the stat-

1890.— Chapter 418.                         371

utes creating them and until their respective successors are appointed and confirmed, but such terms shall begin with the first day of May in the year of appointment. All officers, except election officers and those above named, appointed by the mayor and confirmed by the board of aldermen of said city, shall hold office for terms of one year beginning with the first day of May in the year of appointment and until their respective successors are appointed and confirmed. Any officer appointed by the mayor and confirmed by the board of aldermen of said city may be removed by the mayor for such cause as he shall deem sufficient and shall assign in his order for removal.

Removal from office by the mayor.

SECTION 2. The term "subordinate" in this act, and in all other acts relating to the city of Boston or its departments, shall be construed to include only assistants, deputies, clerks and other officers, appointed by an officer or board in charge of a department, and paid a yearly salary.

Term "subordinate" construed.

SECTION 3. Every subordinate of a department of said city shall continue to hold his office until removed by the officer or board in charge of the department, for such cause as he, or it, shall deem sufficient, and shall assign in the order of removal.

Subordinates to hold office until removed.

SECTION 4. Every officer or board in charge of a department in said city, when authorized to erect a new building or to make structural changes therein, shall make contracts therefor, not exceeding five, each contract to be subject to the approval of the mayor; and when about to do any work or to make any purchase, the estimated cost of which amounts to or exceeds two thousand dollars, shall, unless the mayor give a written authority to do otherwise, invite proposals therefor by advertisements in not more than four daily newspapers published in said city, such advertisements to state the time and place for opening the proposals in answer to said advertisements, and reserving in such invitations the right to the officer or board to reject any or all proposals.

Contracts to be made for building, etc.

SECTION 5. Every proposal for doing such work or making such sale shall be accompanied by a suitable bond, certified check or certificate of deposit, for the faithful performance of such proposal, and all such proposals shall be kept by the officer or board inviting the same, and shall be open to public inspection after said proposals have been accepted or rejected.

Proposals to be accompanied by a bond, etc.

## 372                 1890.— CHAPTER 419.

**Contracts amounting to $2,000 to be in writing.**

SECTION 6. All contracts made by any department of the city of Boston shall, when the amount involved is two thousand dollars or more, be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor in writing is affixed thereto.

**Contracts to be accompanied by a bond or deposit.**

All such contracts shall be accompanied by a suitable bond or deposit of money or other security for the faithful performance of such contracts, and such bonds or other security shall be deposited with the city auditor until the contract has been carried out in all respects; and no such contract shall be altered except by a written agreement of the contractor, the sureties on his or their bond, and the officer or board making the contract, with the approval of the mayor affixed thereto.

**Treasurer to invite proposals for loans.**

SECTION 7. The treasurer of said city, when authorized to issue any bonds or certificates of indebtedness of said city, except for a loan in anticipation of taxes for the year in which the loan is made shall, unless the commissioners of the sinking funds or persons having charge of any trust funds of said city purchase the same, invite proposals for the purchase thereof by advertisements in four daily newspapers published in said city, reserving to himself the right to reject any and all bids; in case no such proposal is accepted, the treasurer may, with the approval of the mayor, award or give any part of the loan, or the entire loan in parts to any other person or party, provided only it be at a price or sum not less than par. The rate of interest on such certificates of indebtedness for a loan in anticipation of taxes shall be fixed by said treasurer.

**Rate of interest to be fixed by treasurer.**

**Repeal of 1885, 266, § 5.**

SECTION 8. Section five of the acts of the year eighteen hundred and sixty-six of chapter two hundred and eighty-five is hereby repealed.

SECTION 9. This act shall take effect upon its passage.

*Approved June 16, 1890.*

---

*Chap. 419* — AN ACT TO CONFIRM THE PROCEEDINGS OF CERTAIN TOWN MEETINGS.

*Be it enacted, etc., as follows:*

**Proceedings made valid.**

SECTION 1. The proceedings of town meetings of the several towns heretofore held shall not be invalid for the reason that the tellers appointed at said meetings were sworn by the moderators instead of being sworn by the town clerks.

---

## 1890.— CHAPTER 416.                 369

**Borrower to be given a receipt, etc.**

SECTION 2. Every person engaged in the business mentioned in section one shall give to each borrower or depositor a receipt, ticket or card, inscribed with the name of the lender, the article or articles pledged, the description of the property as required in section one, the name of the borrower or depositor, the amount of the loan, the date when made, the date when payable; which said receipt, ticket or card shall be numbered to correspond with the number of the transaction on said book.

**Record book to be open to inspection of the police, etc.**

SECTION 3. Said book shall at all times be open to the inspection of the board of police, the superintendent and chief inspector of police, of the city of Boston, the chief of the district police and the chief of police and selectmen of their respective cities or towns, or any or either of them, or to any officer who shall be specially authorized in writing for that purpose by any or either of them, and who exhibits such written authority; and the property described in said book shall be exhibited to said officers or either of them on their demand.

**Penalties for refusing inspection, etc.**

SECTION 4. Every person engaged in said business as aforesaid, or his agent or other person in charge thereof, who fails or refuses to allow the inspection of said book, or who wilfully hinders, obstructs or prevents such officer or officers from making said inspection or from examining said property as provided in the preceding section, or wilfully violates any other provisions of this act, shall be punished by fine not exceeding two hundred dollars or by imprisonment not exceeding one year, or by both such fine and imprisonment.

**Articles pledged to be retained if they appear to have been stolen.**

SECTION 5. If it shall appear to any of the officers mentioned in section three of this act that any articles pledged to any person as herein provided have been stolen, such officer may give to such person a notice in writing to hold such articles so pledged, and the same shall be thereafter be held by such person for sixty days (unless said notice shall be recalled in writing by the officer giving the same), subject to inspection and examination at all reasonable times; and the same shall be produced upon notice or summons by the district-attorney or other prosecuting officer before any grand jury or court of justice, when the question of the larceny of the same is under legal investigation, and said person shall not be held liable in damages or otherwise to any one for or on account of such detention.

# ACTS
## AND
# RESOLVES

PASSED BY THE

# General Court of Massachusetts

IN THE YEAR

# 1939

TOGETHER WITH

TABLES SHOWING CHANGES IN THE STATUTES, ETC.

PUBLISHED BY THE
SECRETARY OF THE COMMONWEALTH



BOSTON
WRIGHT & POTTER PRINTING COMPANY
1939

Chap. 156  AN ACT RELATING TO CONTRACTS ENTERED INTO ON BEHALF OF THE COUNTY OF SUFFOLK.

*Be it enacted, etc., as follows:*

SECTION 1. Chapter four hundred and eighty-six of the acts of nineteen hundred and nine is hereby amended by striking out section thirty and inserting in place thereof the following: — *Section 30.* Every officer or board in charge of a department in said city and every officer, board or official of the county of Suffolk having power to incur obligations on behalf of said county in cases where said obligations are to be paid for wholly from the treasury of said city, when authorized to erect a new building or to make structural changes in an existing building, shall make contracts therefor, not exceeding five, each contract to be subject to the approval of the mayor; and when about to do any work or to make any purchase, the estimated cost of which alone, or in conjunction with other similar work or purchase which might properly be included in the same contract, amounts to or exceeds one thousand dollars, shall, unless the mayor gives written authority to do otherwise, invite proposals therefor by advertisements in the City Record. Such advertisements shall state the time and place for opening the proposals in answer to said advertisement, and shall reserve the right to the officer, board or official to reject any or all proposals. No authority to dispense with advertising shall be given by the mayor unless the said officer, board or official furnishes him with a signed statement which shall be published in the City Record giving in detail the reasons for not inviting bids by advertisement.

SECTION 2. Chapter four hundred and ninety of the acts of eighteen hundred and eighteen is hereby amended by striking out section six and inserting in place thereof the following: — *Section 6.* All contracts made by any department of the city of Boston or by any officer, board or official of the county of Suffolk having power to incur obligations on behalf of said county in cases where said obligations are to be paid for wholly from the treasury of the city of Boston, shall, when the amount involved is two thousand dollars or more, be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor in writing is affixed thereto. All such contracts shall be accompanied by a suitable bond or deposit of money or other security for the faithful performance of such contracts, and such bonds or other security shall be deposited with the city auditor until the contract has been carried out in all respects; and no such contract shall be altered except by a written agreement of the contractor, the sureties on his or their bond, and the officer, board or official making the contract, with the approval of the mayor affixed thereto.

SECTION 3. This act shall take effect upon its passage.

*Approved April 26, 1939.*

---

AN ACT RELATIVE TO THE RECORDS OF THE COURTS AND THE DISPOSAL OF SUCH OF THEIR PAPERS AS ARE OBSOLETE AND USELESS.    *Chap. 157*

*Be it enacted, etc., as follows:*

SECTION 1. Section thirteen of chapter two hundred and eighteen of the General Laws, as amended by chapter fifty-nine of the acts of nineteen hundred and thirty-seven, is hereby further amended by striking out the first paragraph.    G. L. (Ter. Ed.), 218, § 13, etc. amended.

SECTION 2. Chapter two hundred and twenty-one of the General Laws is hereby amended by striking out section twenty-seven, as appearing in the Tercentenary Edition, and inserting in place thereof the following: — *Section 27.* The supreme judicial court shall by rule or order direct in what manner and to what extent, if any, the papers in causes which are entered in any court of the commonwealth shall be extended upon the records, after final judgment or otherwise, and what shall be a final record. Such rule or order shall specify whether such extension shall be in whole or in part, shall be in long hand, typewriting, print or otherwise, or shall consist of the filing of original papers in such causes by loose leaf system or otherwise.    G. L. (Ter. Ed.), 221, § 27, amended. Extension of papers on records.

SECTION 3. Said chapter two hundred and twenty-one is hereby further amended by inserting after section twenty-seven, as amended by section two of this act, the following new section: — *Section 27A.* The supreme judicial court may by rule or order provide for the disposal by destruction or otherwise of obsolete and useless papers in causes which have been entered in any court of the commonwealth and of obsolete and useless notes of testimony that have been preserved in any such court, but subject, except with respect to such notes, to the following requirements: —

(1) The cause to which the papers relate shall have been finally disposed of for more than twenty years.

(2) No original paper bearing date or known to have been filed earlier than the year eighteen hundred shall be destroyed.

(3) Reasonable notice to the public shall be given before any such disposal is made of any paper.

Any rule or order under authority of this section may provide for the method of proof in other causes of the contents of papers disposed of hereunder, and shall govern such proof, notwithstanding any statutory provision requiring any different method of proof.    G. L. (Ter. Ed.), 221, new section 27A, inserted. Rules pertaining to destruction of obsolete papers.

SECTION 4. This act shall take effect upon its passage, except that section one shall take effect with respect to any district court upon the effective date of a rule or order adopted or made by the supreme judicial court under authority of section three, providing for the disposal of obsolete and useless papers in causes entered in such district court.    Effective date.

*Approved April 26, 1939.*

# ACTS
### AND
# RESOLVES

PASSED BY THE
**General Court of Massachusetts**
IN THE YEAR

# 1998

VOLUME II

PUBLISHED BY
**William Francis Galvin**
SECRETARY OF THE COMMONWEALTH



1138

Chapter 262. AN ACT RELATIVE TO CERTAIN CONTRACTING PROCEDURES IN THE CITY OF BOSTON.

*Be it enacted, etc., as follows:*

SECTION 1: Section 6 of chapter 418 of the acts of 1890 is hereby amended by striking out the first sentence, as most recently amended by section 1 of chapter 373 of the acts of 1992, and inserting in place thereof the following sentence:- All contracts made by or on behalf of the city of Boston or by any officer, board or official of the county of Suffolk having power to incur obligations on behalf of said county in cases where said obligations are to be paid for wholly from the treasury of said city, shall, when the amount involved is $10,000 or more, or when the contract comes within section 30 of chapter 486 of the acts of 1909, be in writing; and no such contract shall be deemed to have been made or executed until the approval of the mayor of said city has been affixed thereto in writing and the auditor of said city has certified thereon that an appropriation is available therefor or has cited thereon the statute under authority of which the contract is being executed without an appropriation.

SECTION 2. Section 24 of chapter 486 of the acts of 1909 is hereby repealed.

SECTION 3. This act shall take effect upon its passage.

Approved August 10, 1998.

Chapter 263. AN ACT AUTHORIZING FRANKLIN REGIONAL COUNCIL OF GOVERNMENTS TO CONVEY CERTAIN LAND IN THE TOWN OF WHATELY.

*Whereas,* The deferred operation of this act would tend to defeat its purpose, which is forthwith to immediately authorize the conveyance of certain land, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience.

*Be it enacted, etc., as follows:*

SECTION 1. The Franklin Regional Council of Governments may convey a certain parcel of land located in the town of Whately, presently used for open space and recreational purposes, to the town of Whately, for nominal consideration, to be used for recreational purposes. Said parcel is shown as parcel 1 on a plan of land entitled "Plan of Land in Whately (Franklin Co.) MA" prepared by C. T. Male Associates, P. C., of Greenfield, Massachusetts which is on file in the offices of said Franklin Regional Council of Governments. The precise configuration of said parcel may be established by a subsequent land survey. Said Franklin Regional Council of Governments may release for nominal consideration, any other property interests it holds in the property to be conveyed to the town of Whately hereunder.

SECTION 2. The Franklin Regional Council of Governments may convey two parcels of land located in the town of Whately, presently used for open space and recreational

Chap. 263

purposes, to the commonwealth, for nominal consideration to be used for recreational purposes. Said conveyance shall include a right of way for access to said parcels. Said Franklin Regional Council of Governments are hereby further authorized to release, for nominal consideration, any other property interests it holds in the property to be conveyed to the commonwealth of Massachusetts hereunder. Said land shall be placed under the care and control of the department of environmental management. Said parcels are shown as parcels 2 and 3 on the plan of land described in section 1.

SECTION 3. Notwithstanding the provisions of subsection (f) of section 567 of chapter 151 of the acts of 1996 or any other general or special law to the contrary, the town of Whately may release, for nominal consideration, any leasehold or other property interests it holds in the property to be conveyed to the commonwealth hereunder.

Approved August 10, 1998.

Chapter 264. AN ACT PROVIDING FOR AN INCREASE IN THE REQUIREMENTS FOR NOMINATION AS A CANDIDATE FOR ELECTIVE OFFICE IN THE CITY OF MALDEN.

*Be it enacted, etc., as follows:*

SECTION 1. Chapter 169 of the acts of 1881 is hereby amended by striking out section 4 and inserting in place thereof the following section:-

*Section 4.* All candidates for election to municipal office shall be nominated in accordance with the requirements of chapter 53 of the General Laws; provided, however, nomination papers of candidates for the office of ward councillor shall be signed in the aggregate by not less than 50 voters qualified to vote in said ward in the next municipal election; provided, further, nomination papers for candidates for mayor, school committee and councillor-at-large shall be signed in the aggregate by not less than 200 persons qualified to vote in the next municipal election.

SECTION 2. Section 2 of chapter 550 of the acts of 1955 is hereby repealed.

SECTION 3. This act shall be submitted to the voters of the city of Malden at the regular municipal election to be held in the year 1999 in the form of the following question which shall be placed on the official ballot to be used for the election of city officers at said election "Shall an act passed by the general court in the year 1998 entitled, 'An Act providing for an increase in the requirements for nomination as a candidate for elective office in the city of Malden', be accepted?"

If a majority of the votes cast in answer to said question is in the affirmative, this act shall take effect, but not otherwise.

Approved August 10, 1998.

1139

**Massachusetts General Laws**

**G. L. c. 30 B, §§ 8 & 17**

**Westlaw.**

Page 1

M.G.L.A. 30B § 8

C

**Effective: [See Text Amendments]**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE III. **LAWS RELATING TO STATE OFFICERS** (CH. 29-30B)
CHAPTER 30B. **UNIFORM PROCUREMENT ACT**
→ **§ 8. Emergency procurements**

Whenever the time required to comply with a requirement of this chapter would endanger the health or safety of the people or their property a procurement officer may make an emergency procurement without following that requirement. An emergency procurement shall be limited to only supplies or services necessary to meet the emergency and shall conform to the requirements of this chapter to the extent practicable under the circumstances. The procurement officer shall make a record of each emergency as soon after the procurement as practicable, specifying each contractor's name, the amount and the type of each contract, a listing of the supply or service provided under each contract, and the basis for determining the need for an emergency procurement.

The procurement officer shall submit a copy of this record at the earliest possible time to the state secretary for placement in any publication established by the state secretary for the advertisement of procurements.

Current through Ch. 218, of the 2007 1st Annual Session.

© 2007 Thomson/West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&utid=%7bA35C...    1/6/2008

Westlaw.

Page 1

M.G.L.A. 30B § 17

C

**Effective: [See Text Amendments]**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE III. **LAWS RELATING TO STATE OFFICERS** (CH. 29-30B)
CHAPTER 30B. **UNIFORM PROCUREMENT ACT**
→ **§ 17. Writing requirement; invalidation of contracts; forfeiture; civil actions**

(a) All contracts in the amount of five thousand dollars or more shall be in writing, and the governmental body shall make no payment for a supply or service rendered prior to the execution of such contract.

(b) Subject to the provisions of section three A of chapter forty, a contract made in violation of this chapter shall not be valid, and the governmental body shall make no payment under such contract. Minor informalities shall not require invalidation of a contract.

(c) A person who causes or conspires with another to cause a contract to be solicited or awarded in violation of a provision of this chapter shall forfeit and pay to the appropriate governmental body a sum of not more than two thousand dollars for each violation. In addition, the person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action. If more than one person participates in the violation, the damages and costs may be apportioned among them.

(d) The inspector general shall have authority to institute a civil action to enforce paragraph (c) if authorized by the attorney general.

Current through Ch. 218, of the 2007 1st Annual Session.

© 2007 Thomson/West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**Massachusetts Acts and Resolves**

Ma. St. c. 486, § 16

518                        ACTS, 1909. — CHAP. 486.

forty-nine of the acts of the year eighteen hundred and ninety-five except those in the election department are hereby abolished, and except as aforesaid the said section is hereby repealed.

The civil service laws shall not apply to the appointment of the mayor's secretaries, nor of the stenographers, clerks, telephone operators and messengers connected with his office, and the mayor may remove such appointees without a hearing and without making a statement of the cause for their removal.

SECTION 16. No official of said city, except in case of extreme emergency involving the health or safety of the people or their property, shall expend intentionally in any fiscal year any sum in excess of the appropriations duly made in accordance with law, nor involve the city in any contract for the future payment of money in excess of such appropriation, except as provided in section six of this act. Any official who shall violate the provisions of this section shall be punished by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or both.

THE FINANCE COMMISSION.

SECTION 17. Within sixty days after the passage of this act the governor with the advice and consent of the council shall appoint a finance commission to consist of five persons, inhabitants of and qualified voters in the city of Boston, who shall have been such for at least three years prior to the date of their appointment, one for the term of five years, one for four years, one for three years, one for two years, and one for one year, and thereafter as the terms of office expire in each year one member for a term of five years. Vacancies in the commission shall be filled for the unexpired term by the governor with the advice and consent of the council. The members of said commission may be removed by the governor with the advice and consent of the council for such cause as he shall deem sufficient. The chairman shall be designated by the governor. His annual salary shall be five thousand dollars, which shall be paid in monthly installments by the city of Boston. The other members shall serve without pay.

[Side notes:]
Civil service laws not to apply to certain appointments.
Expenditures not to exceed appropriations therefor.
Penalty.
Finance commission, appointment, terms, etc.
Vacancies.

---

ACTS, 1909. — CHAP. 486.                        519

SECTION 18. It shall be the duty of the finance commission from time to time to investigate any and all matters relating to appropriations, loans, expenditures, accounts, and methods of administration affecting the city of Boston or the county of Suffolk, or any department thereof, that may appear to the commission to require investigation, and to report thereon from time to time to the mayor, the city council, the governor, or the general court. The commission shall make an annual report in January of each year to the general court.

SECTION 19. Whenever any pay roll, bill, or other claim against the city is presented to the mayor, city auditor, or the city treasurer, he shall, if the same seems to him to be of doubtful validity, excessive in amount, or otherwise contrary to the city's interest, refer it to the finance commission, which shall immediately investigate the facts and report thereon; and pending said report payment shall be withheld.

SECTION 20. The said commission is authorized to employ such experts, counsel, and other assistants, and to incur such other expenses as it may deem necessary, and the same shall be paid by said city upon requisition by the commission, not exceeding in the aggregate in any year the sum of twenty-five thousand dollars, or such additional sums as may be appropriated for the purpose by the city council, and approved by the mayor. A sum sufficient to cover the salary of the chairman of the commission and the further sum of at least twenty-five thousand dollars to meet the expenses as aforesaid shall be appropriated each year by said city. The commission shall have the same right to incur expenses in anticipation of its appropriation as if it were a regular department of said city.

SECTION 21. For the purpose of enabling the said commission to perform the duties and carry out the objects herein contemplated, and to enable the mayor, the city council, the governor or the general court to receive the reports and findings of said commission as a basis for such laws, ordinances, or administrative orders as may be deemed meet, the commission shall have all the powers and duties enumerated in chapter five hundred and sixty-two of the acts of the year nineteen hundred and eight and therein conferred upon the commission designated in said act; but counsel for any witness at any public hearing

[Side notes:]
Duties, etc.
Pay rolls, bills, etc., to be referred to the commission, etc.
Employment of experts, etc.
Powers of civil service commission.